UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL CHEVRESTT,<br><br>                       Plaintiff,<br><br>- against -<br><br>CARIB NEWS, INC.,<br><br>                       Defendant. | Docket No. 17-cv-01864<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Angel Chevrestt ("Chevrestt" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Carib News, Inc. ("Carib News" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of brewery owner Celeste Beatty, owned and registered by Chevrestt, a New Jersey-based photojournalist. Accordingly, Chevrestt seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.  This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Chevrestt is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 248 Glen Avenue, Apt. 2, Dumont, New Jersey 07628. Chevrestt's photographs have appeared in many publications around the United States.

6. Upon information and belief, Carib News is a corporation duly organized and existing under the laws of the State of New York, with a place of business at 1745 Broadway, 17th Floor, New York, New York 10019. Upon information and belief, Carib News is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Carib has owned and operated a website at the following URL: www.nycaribnews.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. On February 21, 2016, Chevrestt photographed brewery owner Celeste Beatty (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Chevrestt then licensed the Photograph to the *New York Post*. On February 21, 2016, the *New York Post* ran an article that featured the Photograph on its web edition entitled, "Harlem Brewing Co. to get front row displays at Walmart." See http://nypost.com/2016/02/21/harlem-brewing-co-to-get-front-row-displays-at-walmarts/. Chevrestt's name was featured in a gutter credit identifying him as the photographer of the

Photograph. A true and correct copy of the Photograph in the article is attached hereto as Exhibit B.

9. Chevrestt is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph was registered with the U.S. Copyright Office and was given Copyright Registration Number VA 2-006-555.

### B. Defendant's Infringing Activities

11. Upon information and belief, on or about February 23, 2016, Carib News ran an article on the Website entitled "Harlem Brewing Co. to get front row displays at Walmart." See http://www.nycaribnews.com/business/harlem-brewing-co-get-front-row-displays-walmart. The article prominently featured the Photograph. A true and correct copy of the article is attached hereto as Exhibit C.

12. Carib News did not license the Photograph from Plaintiff for its article, nor did Carib News have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, Carib News removed Chevrestt's gutter credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST CARIB NEWS)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Carib News infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on its Website. Carib News is not, and has never been,

licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Carib News have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to recover statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to recover his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**
**AGAINST CARIB NEWS**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was published in an article in the *New York Post*, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Carib intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

25. The conduct of Carib violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Carib's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Carib intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph. Carib News also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Carib News as alleged herein, Plaintiff is entitled to recover from Carib News the damages that he sustained and will sustain, including Plaintiff's attorney's fees and costs, and any gains, profits and advantages obtained by Carib News because of its violations of 17 U.S.C. §1202.

29. Alternatively, Plaintiff may elect to recover from Carib statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not less than $2,500 and up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Carib News be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Carib News be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202;

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.   That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.   That Plaintiff be awarded pre-judgment interest; and

8.   Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated:   March 14, 2017
         Valley Stream, New York

LIEBOWITZ LAW FIRM, PLLC

By: /s/      Kamanta C. Kettle
       Kamanta C. Kettle

Kamanta C. Kettle
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Telephone:  (516) 233-1660
KK@LiebowitzLawFirm.com

*Attorneys for Plaintiff Angel Chevrestt*